## FOX v GEIGER

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 28, 1932

H. E. Grosshans, Youngstown, for plaintiff in error.

Sidney L. Geiger, Alliance, and Haskell S. Kalver, Youngstown, for defendant in error.

**POLLOCK, J.**

The first error complained of is in the admission of what is denominated the book account of Max Brunswick, a small book which no doubt he kept and in which is a memorandum of his services to various clients at the time that they were rendered. Mr. Kalver, an attorney at this bar, and who was in the office of Max Brunswick, was called to testify. He identified this book and testified to the manner in which Max Brunswick kept it and then testified to the entries. I might say that the second trial of the case began on the 6th of May, 1930, and the entries began from that date which were identified and read by Mr. Kalver from the book; one such entry read Thursday, May 13th, "Regina Fox, services, one day trial," some such entry, and when in court "C.P." Now, this testimony was introduced and at the close of the examination in chief of Mr. Kalver the book was offered in evidence and received without objection. It is urged that this was not a proper book account, and it was a self-serving book account of Max Brunswick, that is, it was a memorandum which he had written in the book, and therefore it was not a book account.. All of this went in without any exception whatever, and the book was used without any objection and exception; in fact, from the cross examination, possibly the defendant at that time was in accord with the introduction of this book, so that we are not called on to determine its competency and there is no question here to dispose of, that this was not a book account. It was let in without any objection, so there is no question on that ground to dispose of.

The next error complained of was the introduction of testimony. Three attorneys at this bar were called who testified to the value of the services in the trial of a case of Max Brunswick, among them Clyde Osborne. Mr. Osborne testified to his practice of law and how long he had practiced and how he had practiced, and the court made the statement: "He was the senior member of Osborne, Jenkins & Lyon." Judge Lyon was the trial judge in this case and Mr. Osborne in answer to that remark said: "You see what happened, in other words I still have to work for a living, while my associates have been more successful." There is no exception here, either, and possibly for a remark of the court no exception is necessary, but it is not sufficient to reverse this case. It is better that such remarks were not made before a jury, but not sufficiently prejudicial to reverse the case.

The next error complained of is the refusal to permit the defendant below to introduce checks showing the payment to Max Brunswick. These checks were all dated prior to the beginning of the second trial. The plaintiff below was making no claim for payment of any services prior to the beginning of the second trial. These checks showed nothing except that they were checks for payment. It was agreed that Max Brunswick was paid in full up to the 6th of May, 1930. The last one of these checks was given on the 3rd of May, so they would not throw any light on the question whether Max Brunswick participated in the second trial or not. There was no error in refusing these checks.

There is another error complained of. It is in the remarks of the court where there were certain objections made in the case in regard to the testimony, probably, of the defendant in error. The court remarked:

"It is a rule of evidence. Here is a man who has gone beyond and is not here to meet the evidence, and the law requires exactitude if anyone attempts to voice what he said because he is not here to meet it."

There is one other place in the record where there is a similar remark. We do not think the court should have made these remarks. It is not for the court to make these comments. True, the defendant could not testify to the transactions because the plaintiff's testate's mouth was closed by death, but the statute is intended to even up the loss to the plaintiff in such a case as this by preventing the other party from testifying. The remarks are not so prejudicial that we should reverse the case on that ground alone.

We then come to the next question, error in the charge. The court had referred to §11495 GC, which is the section which provides that the opposite party shall not testify where the other party is deceased, and had made a long comment on the justice of this law and so forth. The exception of the party objecting is quite long and I will not read it all, but following right along, the court commenced to speak about the evidence introduced by these attorneys who testified in the case. Then he said:

"You will take that evidence and weigh it in the light of the rules of law that I have given you in this case. There has been no ratification—"

It may be that the word "ratification" is a mistake.

"* * * There has been no ratification, there has been no dispute by the defendant as against that testimony that has been given by these eminent attorneys that have testified in your presence. If you find, as I have indicated, that Mr. Brunswick in his life time and under his book memorandum rendered this defendant services as a legal counsellor, and she accepted those services, that he was not paid in his life time, this plaintiff, representing the estate of Max Brunswick, is entitled to a verdict at your hands, and to such compensation, under the evidence that has been given here and

weighed by you, as shall justly represent his compensation for those services, if any.

If you find these services were rendered, you take into account the testimony of the witnesses, the exhibits that have been presented, and your verdict render. If plaintiff has failed to establish a claim by the rules of evidence that I have indicated, the plaintiff will fail, but if plaintiff has established that, as I have indicated, the plaintiff is entitled to a verdict at your hands for $562.50, together with interest from the time alleged by the exhibits. I will indulge counsel to get the date of the last charge in the memorandum."

In other words, after speaking commendatorily of the testimony of these eminent counsel, he says to the jury if they find services were rendered, that they should return a verdict for the full amount claimed in this action, with interest. There can be no question but what this charge was error. It is for the jury, notwithstanding what counsel have testified to, to determine what the services of Max Brunswick were to this defendant, and not only depending upon his legal ability, what it would command, but what Max Brunswick did in this case.

The trouble in this case is that there was no exception taken to the charge, but our attention has been called to several cases that while a reviewing court can not and should not reverse a case simply on the charge, but that the court should consider the entire case and determine whether a fair trial had been had. We will only refer to the case of **Todd v East Liverpool Publishing Co., 9 O.C.C. (N.S.), 249.** The opinion in the case was delivered by the late Judge Laubie:

"The fact that no exception was taken to the charge of the court, does not prevent the raising of the question on review as to whether the verdict was contrary to law, where it was apparently the result of erroneous instructions."

There are cited in this opinion three cases, first **Mowry v Kirk, 19 Oh St, 375,** where the Supreme Court said:

"When the whole case, evidence and all, is before the court, and the error of law occurring at the trial is such as to make the verdict contrary to law, a new trial should be granted, though no exception was taken to the ruling of the court."

And again is cited in this opinion, **Baker**

v **Pendergast, 32 Oh St, 494,** where it was held in the third proposition of the syllabus:

"Where the overruling of a motion for a new trial is assigned for error, and all the evidence offered on the trial, together with the charge of the court, is properly brought up by bill of exceptions, a reviewing court will, in connection with the evidence, look to the charge of the court, whether excepted to or not, and if there is reason to believe that the verdict was the result of erroneous instructions, will reverse the judgment and award a new trial."

It is well established in this state that the mere failure to except to the charge will not prevent the reversal of a case for erroneous instructions, if the reviewing court finds that it affected the rights of the party, so that we must look to the evidence in this case. We have said that this was the second trial. The claim is made by defendant below that Max Brunswick had withdrawn from this case, for some reason. Kalver testifies that he was in court at the first of the trial and Max Brunswick was there. He testified to interviews with Max Brunswick with witnesses, and he also testifies to interviews with James G. Hartwell, the attorney who was called into the case at that time and who did try the case. That is practically all of the evidence introduced by the plaintiff below to show the interest of Mr. Brunswick in this trial. The other evidence comes from the testimony of witnesses called by the defendant. There are several witnesses who testified about Mr. Brunswick in the trial and they testify that he referred them to Mr. Hartwell, and possibly two say he told them he was not attorney in the case. Mr. Hartwell testified in favor of the defendant. He represented her in the case. There can not be any doubt from the evidence that Mr. Brunswick was at the trial of this case. He was there, as the defendant below claims, in his own interest, to see that something that was detrimental to him should not be brought out, but we think he did sit at the trial table and render some services. We do not think Max Brunswick tried this case, but he was there and the jury found that he was an attorney in the case. The case could not be reversed on that ground by a reviewing court, but we have this other question; the jury was not confined to the testimony of these attorneys that testified as to what they thought their services were worth, but the jury should take into consideration other facts in the case, and especially take into consideration the interest, the activity of Max Brunswick in this trial. He was not taking a leading part, to say the least, and from this evidence he had a very slight part in the trial of the case. He was present in the court room most of the time and possibly this case took seven days to try. The court took away from the jury in direct words the right to consider what these services were worth. It was the jury's place, no matter what the opinion of the attorneys was, it was for the jury to determine, not only what the services were worth to a lawyer when trying the case, but to take into consideration the services of Max Brunswick when he was in court and taking at least a secondary part in the trial of the case, so that we have come to the conclusion that for the error in the charge, notwithstanding there was no exception, that it was error for which the case should be reversed.

Judgment reversed.

ROBERTS and FARR, JJ, concur in the judgment.